

*See Extra Drawer*

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN . 11

GROVER SELLERS

ATTORNEY GENERAL

Honorable Tom N. Cope
County Attorney
Cass County
Box 208
Linden, Texas

Dear Sir:

Opinion No. 0-6576
Re: County officers salaries
in Cass County, under the
provisions of Senate Bill
No. 123, Acts of the 49th
Leg., Regular Session,
1945.

Your letter of May 14, 1945, requesting the opinion of this department on the question stated therein, is in part as follows:

"A question has arisen in the Commissioners Court of this County in regard to how much the salaries of officers now receiving $3500.00 per year (and who received that amount in 1944) can be raised. I take the position that they can be raised 25% under the bill, the County Judge interprets the bill to place a limit of $3600.00 per year on the officers involved."

Senate Bill No. 123, Acts of the Forty-ninth Legislature, Regular Session, 1945, is an Act amending Articles 3891, 3902 and Sections 13 and 15 of Articles 3912e, Vernon's Annotated Civil Statutes, allowing additional compensation for certain district officers , county and precinct officers, and for deputies, clerks and assistants; repealing Section 2 of Article 3934, and repealing all laws in conflict, and declaring an emergency.

S. B. No. 123 is in part as follows:

"Section 1. That Article 3891, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(a) The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 2. That Article 3902, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'9. The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of such deputy, assistant or clerk in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944, did not exceed Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 3. That Section 13 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(e)  The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 4.  That Section 15 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(b)  The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"Sec. 5.  That Section 2 of Article 3934, Revised Civil Statutes of Texas, 1925, be and the same is hereby in all things repealed; and all laws or parts of laws in conflict with the provisions of this Act are hereby repealed insofar as they conflict."

Cass County has a population of 33,496 inhabitants according to the 1940 Federal Census, and prior to the enactment of S. B. No. 123, the maximum compensation of the county officials of said county was $3500.00 per annum each.

S. B. No. 123 does not fix a maximum of $3600.00 per annum for each county official. Under the provisions of said Act, the annual compensation of the officials mentioned may be increased twenty-five (25%) per cent, provided the annual compensation for the year of 1944 did not exceed the sum of $3600.00.

As an illustration, suppose the annual compensation of the county official was $3500.00 for the year 1944. Under the provisions of S. B. No. 123 this annual compensation may be increased as much as twenty-five (25%) per cent, which amounts to $875.00, making an annual compensation of $4375.00. Section 44, Article 3 of the State Constitution provides in part:

"The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant or public contractors, after such public service shall have been performed or contract entered into, for the performance of the same; . . ."

Under the above illustration, the salary of the said official cannot be increased $875.00 for the balance of the year 1945. Any increase of salary for the year 1945 must be in the proportion as the balance of the year relates to the total annual increase that may be made under said Act. In other words, if the annual increase in salary can be $875.00, and the increase in compensation is allowed as of June 1st, then the increase for 1945 would be 7/12ths of $875.00. The compensation for the months passed cannot be increased.

In connection with the foregoing we direct your attention to Art. 689a-11, V. A. C. S., which is in part as follows:

"When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be

made except in strict compliance with the
budget as adopted by the Court. Except that
emergency expenditures, in case of grave
public necessity, to meet unusual and unfore-
seen conditions which could not, by reasonably
diligent thought and attention, have been in-
cluded in the original budget, may from time
to time be authorized by the Court as amend-
ments to the original budget. In all cases
where such amendments to the original budget
is made, a copy of the order of the Court
amending the budget shall be filed with the
Clerk of the County Court, and attached to
the budget originally adopted."

                                   Yours very truly

                              ATTORNEY GENERAL OF TEXAS


                              By (sO Ardell Williams
                                        Assistant

AW:LJ:fb
APPROVED MAY 18, 1945
(s) Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY JHE, CHAIRMAN